USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HANA KOGAN,

                Plaintiff,

      -against-

USCIS DIRECTOR JOSEPH EDLOW, et al.,

                Defendants.

7:26-CV-3306 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Hana Kogan, who is appearing *pro se*, brings this action invoking the court's federal-question jurisdiction, seeking injunctive relief, damages, fees, and "court mandated p[e]nalities." (ECF 1, at 2, 6.) Plaintiff sues: (1) the Director of United States Citizenship and Immigration Services ("USCIS"), Joseph B. Edlow; (2) the former Secretary of Homeland Security, Kristi Noem; and (3) the Acting Chief Freedom of Information Act (FOIA) Officer for USCIS, Jarrod T. Panter. The Court construes Plaintiff's claims for injunctive relief as brought under the Administrative Procedure Act ("APA") and/or under 28 U.S.C. § 1361 (*mandamus* relief). The Court construes Plaintiff's claims for damages as brought under the Federal Tort Claims Act ("FTCA").

By order dated April 28, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons that follow, the Court directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the United States of America as a Defendant in this action with respect to Plaintiff's claims under the FTCA. The Court also directs the Clerk of Court to substitute, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure ("Rule 25(d)"), Markwayne Mullin, the current Secretary of Homeland Security, for former Secretary

Noem as a Defendant in this action with respect to Plaintiff's claims for injunctive relief under the APA and/or Section 1361. The Court further directs the Clerk of Court to serve Defendants United States of America, Edlow, Mullin, and Panter, via the United States Marshals Service ("USMS"), pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3) and (i)(1) and (2) of the Federal Rules of Civil Procedure.

## DISCUSSION

### A.    The United States of America

None of the named federal-officer defendants are proper defendants with respect to Plaintiff's claims for damages under the FTCA. Rather, "[t]he proper defendant in an FTCA claim is the United States." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015); *see* 28 U.S.C. § 2679(b)(1). Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").

Because Plaintiff asserts claims for damages under the FTCA, the Court directs the Clerk of Court to add, under Rule 21, the United States of America as a Defendant in this action. The adding of the United States of America as a Defendant in this action is without prejudice to any defense that it may wish to assert.

### B.    Substituting Secretary Mullin for Former Secretary Noem

The Court understands that Plaintiff asserts claims for injunctive relief against the individual federal-officer defendants, in their official capacities, under the APA and/or Section 1361. Because former Secretary Noem is no longer a federal officer, however, pursuant to Rule 25(d), the current Secretary for Homeland Security, Markwayne Mullin, must be substituted for Noem as a Defendant in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a

2

public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. . . .The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

The Court therefore directs the Clerk of Court to substitute, pursuant to Rule 25(d), Secretary Mullin for former Secretary Noem as a Defendant in this action with respect to Plaintiff's claims under the APA and/or Section 1361.

**C.      Service on the United States of America, Edlow, Mullin, and Panter**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the Court and the USMS to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants United States of America, Edlow, Mullin, and Panter through the USMS, the Clerk of Court is instructed to fill out a USMS

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants United States of America, Edlow, Mullin, and Panter until the Court reviewed the complaint and ordered that summonses for these Defendants issue. The Court therefore extends the time to serve these Defendants until 90 days after the date that the summonses for these Defendants issue. If summonses and the complaint are not served on them within 90 days from the date that the summonses for them are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

3

Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (2) issue summonses for Defendants United States of America, Edlow, Mullin, and Panter; and (3) deliver to the USMS a copy of this order and all other paperwork necessary for the USMS to effect service on Defendants United States of America, Edlow, Mullin, and Panter.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

**D.    City Bar Justice Center**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil actions in this court.[2] Appointments can be scheduled by completing the CBJC's intake form. If you are not able to complete this form, or if you have questions about the form, please call the CBJC at (212) 382-4794. A flyer with details is attached.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, the United States of America as a Defendant in this action with respect to Plaintiff's claims for damages under the FTCA.

The Court further directs the Clerk of Court to substitute, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, current Secretary of Homeland Security Markwayne Mullin

---

[2] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

for former Secretary of Homeland Security Kristi Noem as a Defendant in this action with respect to Plaintiff's claims under the APA and/or Section 1361.

In addition, the Court directs the Clerk of Court to: (1) fill out USM-285 forms for Defendants United States of America, Edlow, Mullin, and Panter; (2) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue summonses for Defendants United States of America, Edlow, Mullin, and Panter; and (4) deliver to the USMS all documents necessary to effect service of summonses and the complaint on Defendants United States of America, Edlow, Mullin, Panter pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3) and (i)(1) and (2) of the Federal Rules of Civil Procedure, which includes service on the Attorney General of the United States and on the Civil Division of the Office of the United States Attorney for the Southern District of New York.

SO ORDERED.

Dated:    June 25, 2026
          White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

5

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  United States of America
    Attorney General of the United States
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530-0001

2.  Office of the United States Attorney
    Southern District of New York
    Civil Division
    86 Chambers Street, Third Floor
    New York, New York 10007

3.  Joseph B. Edlow
    Director of United States Citizenship and Immigration Services
    Attn: Officer of the Director
    5900 Capital Gateway Dr.
    Camp Springs, Maryland 20588-0009

4.  Secretary Markwayne Mullin
    Department of Homeland Security
    2707 Martin Luther King Jr. Avenue SE
    Washington, D.C. 20528-0525

5.  Jarrod T. Panter
    Acting FOIA Officer
    United States Citizenship and Immigration Services
    National Records Cetner, FOIA/PA Office
    P.O. Box 648010
    Lee's Summit, Missouri 64064-8010

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT



To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court